**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

|  |  |  |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | Cr. I.D. Nos. 1111015634 |
| | ) | 1202015078 |
| RONELL SIMS, | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO
WITHDRAW RULE 61 MOTION FILED BY COUNSEL AND
<u>RULE 61 COUNSEL'S MOTION TO WITHDRAW AS COUNSEL</u>**

Upon consideration of Defendant's motion to withdraw the Rule 61 motion for postconviction relief filed by counsel on Defendant's behalf, the Court finds as follows:

1. On November 23, 2011, Defendant Ronell Sims was arrested on charges of Attempted Carjacking, Attempted Theft, Criminal Impersonation, Resisting Arrest, Criminal Mischief, and two counts of Offensive Touching.[1] Defendant was released on bail and arrested again on February 19, 2012 on charges of Robbery First Degree, three counts of Possession of a Deadly Weapon During the Commission of a Felony ("PDWDCF"), Kidnapping Second Degree, Burglary Second Degree, Possession of a Deadly Weapon by a Person Prohibited ("PDWBPP"), Offensive Touching, and Theft.[2]

---

[1] Criminal Action No. 1111015634.
[2] Criminal Action No. 1202015078.

2. Counsel was appointed to represent Defendant. On February 21, 2012, Defendant, with the assistance of appointed counsel, filed a motion to have Defendant undergo a psychiatric/psychological evaluation to determine Defendant's competency to stand trial, mental status at the time of the offense, and any necessary treatment.

3. On March 13, 2012, Defendant was evaluated by the Delaware Psychiatric Center ("DPC"). The DPC filed its report with the Court on March 22, 2012, finding Defendant competent to stand trial; however, the DPC recommended that Defendant be transferred to the DPC for further observation and evaluation.[3]

4. On April 25, 2012, Defendant filed a Motion to Transfer Defendant from Howard R. Young Correctional Institution to the DPC pursuant to the DPC's March 2012 report, which was granted by Order dated May 10, 2012.

5. On July 19, 2012, Defendant was evaluated again by the DPC. The DPC filed its report with the Court on August 6, 2012, finding Defendant competent to stand trial, but that Defendant's "mental state at the time of the offense was consistent with the mental state required for a finding of Guilty But Mentally Ill("GBMI")."[4]

---

[3] DPC Report dated March 13, 2012, attached as Exhibit A to Defendant's Rule 61 Mot. to Withdraw Guilty Plea, p. 7.

[4] DPC Report dated July 19, 2012, attached as Exhibit B to Defendant's Rule 61 Mot. to Withdraw Guilty Plea, p. 8-12.

6. Defendant appeared before the Court on September 6, 2015 and plead GBMI. The negotiated plea included Defendant's GBMI plea to Robbery First Degree, PDWDCF, and Attempted Carjacking, in exchange for which the State agreed to dismiss the remaining charges in both cases: Attempted Theft, Criminal Impersonation, Resisting Arrest, Criminal Mischief, three counts of Offensive Touching, two counts of PDWDCF, Kidnapping Second Degree, Burglary Second Degree, PDWBPP, and Theft.

7. Following a presentence investigation, Defendant was sentenced on November 12, 2012. With respect to the Attempted Carjacking, Defendant was sentenced to five (5) years at Level V suspended for five (5) years at Level III. With respect to Robbery First Degree, Defendant was sentenced to four (4) years at Level V, which exceeded the minimum mandatory sentence by one (1) year.[5] With respect to PDWDCF, Defendant was sentenced to four (4) years at Level V, which exceed the minimum mandatory sentence by two (2) years.[6] Without the GBMI plea deal, Defendant would have been facing at least 10 years at Level V,[7] not

---

[5] *See* 11 *Del. C.* § 832(b)(1)("any person convicted of robbery in the first degree shall receive a minimum sentence of . . . [t]hree years at Level V").

[6] *See* 11 *Del. C.* § 4205(b)(2)("The term of incarceration which the court may impose . . . For a class B felony not less than 2 years up to 25 years to be served at Level V.").

[7] The minimum mandatory for PDWDCF is 2 years and Defendant was charged with three counts of PDWDCF, requiring a total minimum mandatory of 6 years for the PDWDCF charges. *See id.* The minimum mandatory for Robbery First Degree is 3 years. 11 *Del. C.* § 832(b)(1). The minimum mandatory for PDWBPP is 6 months if it is a defendant's first conviction and 1 year if it is a defendant's second and subsequent offense. 11 *Del. C.* § 1448(f)(1). The minimum mandatory for Burglary in the Second Degree is 1 year. 11 *Del. C.* § 825(b).

taking into consideration that the State could have sought to declare Defendant a habitual offender.[8]

8. On January 25, 2013, Defendant filed a motion for modification of sentence, requesting, *inter alia*, that he be housed at DPC. Defendant's motion was denied by Order dated February 1, 2013. On July 8, 2013, Defendant filed a letter with the Court to consider the letter as an "addendum" to Defendant's motion for modification filed in January 2013, which was denied by Order dated August 26, 2013.

9. On August 16, 2013, Defendant filed a motion to show cause and to compel as a self-represented litigant. Defendant requested that the Court instruct the Department of Corrections to transfer him to the DPC. Defendant's motion was denied by Order dated September 26, 2013. Defendant appealed this ruling, which was affirmed by the Delaware Supreme Court by Order dated January 30, 2014.[9]

10. On October 28, 2013, Defendant filed a timely motion for postconviction relief as a self-represented litigant. On March 31, 2014, Defendant filed another motion for postconviction relief as a self-represented litigant.

11. Under the most recent version of Rule 61, Defendant would not have met the requirements for appointment of counsel to represent him in his postconviction

---

[8] If declared a habitual offender pursuant to 11 *Del. C.* § 42114, Defendant would have faced at least 75 years in prison solely on the PDWDCF charges.

[9] In sum, the Delaware Supreme Court ruled that Defendant's motion to show cause and to compel was, in essence, a writ of mandamus and Defendant did not meet the standard under Delaware law for an issuance of a writ of mandamus.

proceeding.[10] However, based on his date of filing, Defendant benefitted from an earlier version of Rule 61 which provided that "[t]he court will appoint counsel for an indigent movant's first postconviction proceeding."[11] As a result, on July 16, 2014, Natalie Woloshin, Esquire ("Rule 61 Counsel") was appointed to represent Defendant.

12. On April 27, 2015, Rule 61 Counsel, on behalf of Defendant, filed a Rule 61 motion to withdraw guilty plea on the grounds of ineffective assistance of counsel. The State filed a motion in opposition to Defendant's motion to withdraw guilty plea.

13. Per Rule 61 Counsel's request to the Court, Rule 61 Counsel, the State, and the Court held an office conference on November 4, 2015 to address Defendant's reply for which an extension had been granted.

14. The Court conducted a hearing on November 9, 2015 to address whether Defendant wished to pursue his motions for postconviction relief filed as a self-represented litigant or to pursue the Rule 61 motion to withdraw guilty plea filed

---

[10] *See* Super. Ct. Crim. R. 61(e)(2) (stating that the judge may only request appointment of counsel for a defendant seeking to set aside a judgment resulting from a guilty plea if the judge determines that "(i) the conviction has been affirmed by final order upon direct appellate review or direct appellate review is unavailable; (ii) the motion sets forth a substantial claim that the movant received ineffective assistance of counsel in relation to the plea of guilty or nolo contendre; (iii) granting the motion would result in vacatur of the judgment of conviction for which the movant is in custody; and (iv) specific exceptional circumstances warrant the appointment of counsel.").

[11] Super. Ct. Crim. R. 61(e)(2) (2013).

with the assistance of Rule 61 Counsel. The parties, including Defendant, were present at the hearing.

15. At the hearing, the Court explained to Defendant the trial rights he would enjoy if his motion to withdraw his GBMI plea was granted, especially that Defendant would be presumed innocent. The Court further explained to Defendant that if the Court were to grant Defendant's motion to withdraw guilty plea, Defendant would be re-tried for all of the charges in both cases and, if convicted, the State would seek to declare Defendant a habitual offender, which would result in a sentence of a minimum of seventy-five (75) years in prison.

16. At the hearing, Defendant requested that he be permitted to withdraw his Rule 61 motion to withdraw guilty plea because he did not want to take the risk of conviction at trial. Defendant confirmed that he understood his rights. Defendant correctly expressed that, even if he were to be found not guilty by reason of insanity at a new trial, Defendant would nevertheless remain in prison until the trial and then be housed at DPC after the trial for a period of time that is either not significantly shorter than, or might be even longer than, his current sentence.

17. Based on Defendant's statement that he did not wish to withdraw his GBMI plea, Rule 61 Counsel formally moved to withdraw the Rule 61 motion to withdraw guilty plea filed by Rule 61 Counsel. The Court granted the motion.

18. Rule 61 Counsel formally requested to withdraw as counsel pursuant to Superior Court Criminal Rule 61(e)(2) because, because after reviewing the record to determine if any other meritorious grounds for relief exist, Rule 61 Counsel concluded that there are no meritorious grounds for relief.[12]

19. Moreover, Defendant and Rule 61 Counsel argued to the Court that there was a legal error in the Order dated February 1, 2013 denying Defendant's motion for sentence modification. The Court expressed that it would consider another motion for modification of sentence if Defendant were to file such a motion pursuant to Rule 35.

20. Defendant's motions for postconviction relief filed as a self-represented litigant are under advisement as of November 9, 2015, and the Court will rule in due course.

**NOW, THEREFORE, for the reasons stated herein and for the reasons stated on the record on November 9, 2015, this 10th day of November, 2015, Defendant's Motion to Withdraw Rule 61 Motion filed by Counsel is hereby GRANTED and the Motion to Withdraw as Counsel is hereby GRANTED.**
**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**

---

[12] Super. Ct. Crim. R. 61(e)(2)(2014). After the June 2015 amendment to Rule 61, this subsection has become R. 61(e)(6).

7